**J. Singer Law Group, PLLC**
*Counsel for Michael Berg and Eric Babat*

Jeb Singer, Esq.
165 Broadway, 23rd Floor
New York, New York 10006
(917) 806-5832
jsinger@singerlawgroup.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11 |
| 220 52nd STREET, LLC | Case No. 19-44646-ESS |
| Debtor. | |

-----------------------------------------------------------------X

**LIMITED OBJECTION OF MICHAEL BERG AND ERIC BABAT TO THE DEBTOR'S MOTION FOR AUTHORIZATION TO SELL COMMERCIAL PROPERTY AND THE APPLICATION TO EMPLOY DITOMMASO REAL ESTATE AS REAL ESTATE BROKER**

**TO THE HONORABLE ELIZABETH STONG**
**UNITED STATES BANKRUPTCY JUDGE:**

Michael Berg ("Berg") and Eric Babat ("Babat" and, together with Berg, "Lienholders"), secured creditors in the above-captioned case and in the above-captioned cases respectfully submits this limited objection to (1) the Debtor's Motion ("Sale Motion") Pursuant to §§105(a), 363(b), (f) and (m) of the Bankruptcy Code and Rules 9006, 9013 and Rule 9014 of the Bankruptcy Rules to Sell Commercial Property located at 137 Kreischer Street, Staten Island, NY 10309 ("Property"), and (2) the Debtor's Motion Pursuant to §§ 327 and 328 and Rule 9014 of the Bankruptcy Rules to retain Ditommaso Real Estate as its Real Estate Broker ("Retention Motion"); and (3) for such other and further relief as this Court deems such and proper.

**STATEMENT IN OPPOSITION**

A.  **Sale Limited Objection.**

1

The Objecting Parties are secured creditors of the Debtor each having a properly perfected mortgage on the Property. It is believed (but not conceded) that Pacific Premier Bank ("PPB") is the first lienholder on the Property. However, the Debtor lists PPB's debt as disputed on the Debtor's Petition in this matter. Nonetheless, the Debtor filed the Sale Motion and annexed a proposed order wherein "the Debtor is authorized to pay the secured claim of Pacific Premier Bank, who holds a first mortgage on the Commercial proper, and said secured claim shall be paid in full of the Sales Proceeds upon the payoff letter at the Closing." Despite several requests to PPB's counsel, the Lienholders have not been provided with any calculations to support the amount of the payments to PPB.

This payment should not be allowed for two reasons. First, the Motion itself states explicitly that "the Debtor proposed the Sale free and clear of all liens, claims and encumbrances, with all such liens, claims and encumbrances to attach to the Sale proceeds." (Sales Motion, at § 20). Second, there is no settlement of PPB's claim in this matter.

Nonetheless, if PPB is being paid pursuant to the Sale Order, the Objecting Parties should also be paid with the Sale proceeds in accordance with proper calculations (which have yet to be provided) and priorities to be determined by the Bankruptcy Code (and non-bankruptcy debtor-creditor law as applicable) by this Court.

**B. Broker's Application.**

The Lienholders also object to the retention of Ditommaso Real Estate to the extent that the Debtor seeks to pay Ditommaso a broker's fee equal to five (5%) percent of the overall sales price. Such a high fee is potentially at the expense of the Lienholders.

Section 328 of the Bankruptcy Code states: (a)The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a

professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. 11 U.S.C. 328. The typical broker's fee in New York City on a deal of this size is six percent in total only if there are two brokers on the deal (one for the buyer and one for the seller). Therefore, where there is only one broker on the sale, the Debtor and the Court should require that the fee be limited to three percent (3%) of the sales price.

Further, none of the Orders which are cited by the Debtor seem to represent the retention of real estate brokers in New York City. Therefore, the Court should not rely on the Debtor's representation that a 5% broker's fee to one broker is reasonable and customary for a deal of this size. The Lienholders thus request that the Court only approve the Debtor's retention of Ditommaso contingent on the commissions being reduced to 3% of the sale size.

## NO PREVIOUS REQUEST

No prior request for the relief requested herein has been made by the Lienholders to this or any other Court.

## CONCLUSION

WHEREFORE, Berg and Babat request that the Court deny the Sales Motion and Retention Motion to the extent delineated herein and other further relief as the Court deems just and proper.

**Date: New York, NY**
**December 9, 2021**　　　　　　　　　　　　**J. Singer Law Group, PLLC**
*Counsel for Michael Berg and Eric Babat*

**By: /s/ Jeb Singer**
　　Jeb Singer, Esq.
　　165 Broadway, 23rd Floor
　　New York, New York 10006
　　(917) 806-5832
　　jsinger@singerlawgroup.com